## 36317. GEORGIA-PACIFIC CORPORATION v. SAYLER MARINE CORPORATION.

UNDERCOFLER, Chief Justice.

Sayler Marine Corporation sued Georgia-Pacific Corporation for civil trespass, alleging conversion of its sand. We granted Georgia-Pacific's application for interlocutory appeal to review the trial court's denial of Georgia-Pacific's summary judgment. It held that the 1976 legislative resolution allowing Georgia-Pacific to dredge for private navigational purposes unconstitutionally impaired the 1969 twenty-year contract between Sayler Marine and the State allowing Sayler Marine to mine sand from the Savannah River. We reverse.

Sayler Marine has an exclusive, unrecorded twenty-year lease from the State's Mineral Leasing Commission[1] to mine sand, silt and associated minerals from a seven-mile stretch of the Savannah River bed between the Talmadge Memorial Bridge and Port Wentworth. The lease is subject to public and private navigational rights and the right of the Ports Authority to dredge for navigational and fill purposes. See generally Code Ann. § 91-110 (a).

Georgia-Pacific owned riparian property on Hutchinson Island in Chatham County within Sayler Marine's lease area. In 1976, Georgia-Pacific obtained an easement through the State Properties Commission by legislative act, Ga. L. 1976, pp. 225 et seq., to dredge "for the purpose only of improving navigation," under permits of the U. S. Corps of Engineers. Pursuant to this easement, Georgia-Pacific dredged from the Savannah River channel to its proposed docking site to accommodate large ocean vessels, and dumped the "spoilage" on its own land in an approved diking area

---

[1]The Mineral Leasing Commission that entered into the 1969 lease with Sayler Marine, among other similar agencies, has been succeeded by the State Properties Commission, which authorized Georgia-Pacific's easement in 1976. Code Ann. § 91-102a.

to drain. Thereafter, the spoilage was spread out and the property sold. It is this spoilage, now sand, that Sayler Marine claims belongs to it and seeks to recover it or its value.

We do not find that the lease to Sayler Marine and the easement to Georgia-Pacific are inconsistent. Thus, no question of the impairment of Sayler Marine's contract arises. Its lease specifically provides that "the above said leasehold shall be subject to all rights-of-way for public utilities and subject to public and *private navigational rights;* and, provided further, that the above said leasehold shall be subject to the right of the Georgia Ports Authority to dredge this area for navigational and fill purposes." (Emphasis supplied.) Given this proviso in Sayler Marine's lease, Georgia-Pacific, in dredging a shipping channel under appropriate state and federal regulation, did not interfere with Sayler Marine's rights. See South Carolina v. Georgia, 93 U. S. 4 (1876); Dutton v. Strong, 66 U. S. 23 (1861).

Sayler Marine urges, nevertheless, that it is entitled to the sand thus removed by Georgia-Pacific. Sayler Marine's lease itself, however, refutes such claim: "11. It is understood and agreed by the parties hereto that the title to any and all minerals covered by this agreement shall be and remain in the State of Georgia up to and *until such minerals are severed* from the Leased Premises." (Emphasis supplied.) From this clause, it is clear that Sayler Marine's rights were limited to those minerals it gathered under the lease agreement. Unless and until Sayler Marine mined the sand or silt, it had no title to them. See 54 AmJur2d, Mines and Minerals, § 126. Since it did not itself remove the sand dredged by Georgia-Pacific, it has no claim to it and Sayler Marine cannot maintain a trespass action against Georgia-Pacific for the sand's conversion. The trial court erred in denying Georgia-Pacific's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 4, 1980 — DECIDED JULY 1, 1980.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, Richard J. Harris,* for appellant.
*Oliver, Maner & Gray, Thomas S. Gray, Jr.,* amicus curiae.
*Frederick W. Kramer, John G. Kennedy,* for appellee.
*Arthur K. Bolton, Attorney General, Patricia T. Barmeyer, Assistant Attorney General,* amicus curiae.